ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY ET AL. v. HUTSON & BROWN.

Decided May 15, 1909.

**1.—Carriers—Negligence—Delay.**

Evidence, in an action against connecting carriers, that the agent of the initial carrier informed the shipper that it would take twenty-four hours to transport the shipment to destination, that the shipment was delivered on the the evening of June 16, reached the connecting point early in the morning of June 18, and was not delivered to the connecting carrier until the evening of that day, raised the issue of unreasonable delay on the part of the initial carrier.

**2.—Same—Charge.**

An instruction to find for the initial carrier if it started the shipment on its first freight train to the connecting point after the shipment had been loaded and, when it reached that point, exercised reasonable diligence to deliver the shipment within a reasonable time to the connecting carrier, correctly and sufficiently submitted the issue.

**3.—Same.**

An instruction to find for the initial carrier if it delivered to the connecting carrier at the connecting point in the usual and customary time consumed by the initial carrier in effecting such deliveries at that place to the connecting carrier in the regular course of business, unless the initial carrier was guilty of negligence in the manner in which it conducted its business in making such deliveries and in consuming the time it customarily and usually consumed in making them, held, correctly refused, because not a correct statement of the law applicable to the facts,

**4.—Damages—Verdict.**

Where, in an action against connecting carriers, there was evidence tending to show that the plaintiff sent a man to connecting point to ascertain the cause of delay, but there was no pleading asking for or authorizing recovery on that account or evidence as to the amount of expense incurred thereby, and the charge was general, limiting recovery to the necessary expenses plaintiff was caused to incur by reason of the delay, and instructing the jury that they could not find for any item of expense that plaintiff does not ask for in the petition, a verdict for damages in a certain sum was not subject to the complaint that it allowed damages for the expense of the messenger.

**5.—Verdict—Damages—Connecting Carriers.**

Verdict, in an action against connecting carriers, considered in connection with the pleadings, evidence and charge, and held not subject to objection on the ground that the sums apportioned exceeded the total amount of damages awarded.

**6.—Evidence—Damages—Delay in Transportation—Loss of Profits.**

Evidence that the weather was good during the delay in the transportation of a threshing outfit, and that but for such delay a large amount of grain during that time would have been threshed by plaintiff and certain profits made, which he was afterwards prevented from threshing by reason of the continuous rainfall and such profits lost, was admissible on the issue of the extent of the damage suffered on account of the negligent delay.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Andrews, Ball & Streetman* and *Head, Dillard, Smith & Head,* for appellant the St. Louis, San Francisco & Texas Railway Company.

*J. H. Wood,* for appellees.

TALBOT, Associate Justice.—This suit was instituted by the appellees to recover damages sustained by them on account of delay in the transportation and delivery of a threshing outfit shipped by them from Gunter, Texas, over the railway lines of the appellants, St. Louis, San Francisco & Texas Railway Company and the Fort Worth & Denver City Railway Company, to Vernon, Texas. The petition alleges that on the 16th day of June, 1906, the plaintiffs, under the firm name of Hutson & Brown, were engaged in operating a threshing machine and outfit, threshing small grain for hire and profit; that on said day plaintiffs entered into a contract with the defendant, the St. Louis, San Francisco & Texas Railway Company, through its local agent at the town of Gunter, Grayson County, Texas, whereby said defendant agreed and became bound for the usual and customary freight rate to transport from said town of Gunter said threshing outfit (describing it) over its own line of railway to the city of Fort Worth, Texas, and thence over the line of the defendant, the Fort Worth & Denver City Railway Company, from the city of Fort Worth to the town of Vernon, in Wilbarger County, Texas; that plaintiffs delivered said threshing outfit to defendant, the St. Louis, San Francisco & Texas Railway Company at the said town of Gunter on said 16th day of June, 1906, and paid to it the regular and customary freight charges for such transportation, the amount paid being the

amount demanded therefor; that said defendants were partners in the transportation of said property, and that plaintiffs at the time said property was delivered to the defendant, the St. Louis, San Francisco & Texas Railway Company, for shipment, informed said defendant's agent at Gunter that plaintiffs had obtained large contracts for the threshing of wheat and oats at and near the town of Vernon, Texas; that they were going to take their teams, wagons and hands, etc., to the town of Vernon for the purpose of operating said threshing outfit when the same should arrive there; that they would be on heavy expense if they should have to wait for said machinery and outfit to arrive at Vernon, and that they desired no delay in the transportation of the same; that said defendant promised to transport the said property promptly, and stated and agreed that the same would be delivered to plaintiffs in said town of Vernon not later than the 18th day of June, 1906. It was further alleged that plaintiffs and their hands, teams and wagons proceeded to Vernon through the country and arrived there on June 18, 1906, ready to operate said threshing outfit, but that the same did not arrive until the 24th day of June, 1906; that when said property did arrive the defendant, the Ft. Worth & Denver City Railway Company, demanded of the plaintiffs the additional sum of $89.72, for freight charges, and required them to pay the same before it would deliver said property; that said additional sum was an overcharge of freight, but that they paid it in order to get possession of their property. Plaintiffs further alleged that the contract of shipment was a through bill of lading from Gunter to Vernon, and that said property could have been transported from the place of delivery to the point of destination, in the exercise of reasonable diligence, within two days from the time of delivery; that both defendants were negligent and delayed the shipment over their respective roads, to plaintiffs' damage in the aggregate sum of $1,434.72, the several items of which were set out in the petition. By a trial amendment plaintiffs alleged that on the 18th day of June, 1906, they notified the agents of both defendants at Fort Worth that said property was delayed in shipping, and of the necessity for hurrying up said shipment; that plaintiffs were on heavy expense waiting for said property and were unable to thresh grain and were losing large profits; that they so notified the agent of the Ft. Worth & Denver City Railway Company every day thereafter until the arrival of said shipment.

The defendants denied under oath that they were partners in the transportation of the property, and answered by general and special exceptions, a general denial and special answers not necessary to state. A jury trial resulted in a verdict in favor of plaintiffs against the St. Louis, San Francisco & Texas Railway Company for the sum of $110.70, and against the Ft. Worth & Denver City Railway Company for the sum of $389.19, and judgment was entered accordingly. From this judgment both defendants appealed, but briefs have been filed in this court by the St. Louis, San Francisco & Texas Railway Company only.

The evidence was sufficient to establish the material allegations of

the petition and to authorize a verdict for the respective amounts awarded against the defendants.

The court did not err in refusing to instruct, as requested by the defendant, the St. Louis, San Francisco & Texas Railway Company, a verdict in its favor. The evidence was sufficient to submit the question of delay on the part of this company in the shipment of plaintiffs' property over its line of railway from Gunter to Fort Worth and the delivery thereof to the connecting carrier, the Ft. Worth & Denver City Railway Company. It appears that one of the plaintiffs, Hutson, inquired of this defendant's agent at Gunter how long it would take to transport the threshing outfit from that point to Vernon, and was by him informed that it would take about twenty-four hours, that the property was delivered to this defendant and loaded at Gunter on the evening of June 16th, and not delivered by it to the Ft. Worth & Denver City Railway Company at Ft. Worth, until seven o'clock p. m., June 18, 1906, at which place it arrived at 12:15 o'clock a. m., June 18, 1906. Whether this delay was unreasonable and resulted in damage to the plaintiffs as a proximate result thereof seems clearly to have been, under the pleadings and evidence, questions for the determination of the jury.

The court's refusal to give the following special charge requested by the St. Louis, San Francisco & Texas Railway Company is made the basis of its second assignment of error: "At the request of the defendant, St. Louis, San Francisco & Texas Railway Company, you are instructed that if you find and believe from the evidence in this case that said shipment was by said defendant delivered to its codefendant herein at Fort Worth in the usual and customary time consumed by said defendant in effecting such deliveries at that place to its said codefendant in the regular course of business, you will not find against said defendant St. Louis, San Francisco & Texas Railway Company on account of said time so consumed at Fort Worth, unless you further find and believe from the evidence that said defendant was guilty of negligence in the manner in which it conducted its business in making deliveries to its said codefendant at Fort Worth, and in consuming the time it customarily and usually consumed in making such deliveries." There was no error in refusing this charge. In the first place, it is not believed to be a correct statement of the law applicable to the facts of the case; besides, the court in his general charge fully and correctly instructed the jury upon this phase of the case. They were told that if this defendant started the shipment on its first freight train going to Fort Worth after said shipment had been loaded, and that said defendant, when the shipment arrived at Fort Worth, exercised reasonable diligence to deliver said shipment within a reasonable time to the defendant, the Ft. Worth & Denver City Railway Company, to find for defendant, the St. Louis, San Francisco & Texas Railway Company. In addition to the foregoing instruction the jury were charged, among other things, that if the plaintiffs, prior to the shipment of their threshing outfit to Vernon, had engaged with the owners of grain in that vicinity for the threshing thereof, and notified the agents of defendants that they were prepared as soon as said threshing outfit should arrive to at once engage in the threshing of grain, and

that either one of said defendants failed in the performance of its duty in the transportation of said threshing outfit, and by reason of such failure, if any, plaintiffs suffered damages that were proximately produced by the same, to find for plaintiffs against such defendant or defendants, as they believed from the evidence caused such loss, etc.

The fifth assignment is, that "The verdict of the jury is without sufficient evidence to support it in allowing any damage against this defendant on account of any extra expense upon the part of plaintiffs in sending a man to Fort Worth for the purpose of ascertaining the whereabouts of said threshing outfit." This assignment will be over-ruled. It is not at all likely that the jury allowed, in estimating the damages sustained by plaintiffs, any amount whatever on account of any expenses, if any, incurred by them in sending a man to Fort Worth to ascertain what had become of the threshing outfit. It seems that there was some evidence to the effect that plaintiffs sent a man by the name of Boyd to Fort Worth for that purpose, but there were no pleadings asking for or authorizing a recovery on that account, nor was there any evidence introduced showing the amount of expense incurred thereby, or that any amount whatever was so necessarily incurred. The charge of the court nowhere referred to any such expense as an item of damages, but was general, authorizing a recovery only for the "necessary expenses that plaintiffs were caused to incur by reason of the delay," etc., and in that connection expressly told the jury that they could not "find for any item of expense during said time that plaintiffs do not ask for in their petition."

Appellant's sixth assignment attacks the verdict of the jury as being "too uncertain, vague and indefinite to support the judgment." The verdict is as follows: "We, the jury, find for plaintiffs in the sum of $442.81 against the St. Louis, San Francisco & Texas Railway Company and Ft. Worth & Denver City Railway Company, apportioned as follows: The St. Louis, San Francisco & Texas Railway Company to pay $110.70 for delay in transit, and the Fort Worth & Denver City Railway Company, $57.08 as overcharge freight, and also $332.11 for negligence in transit." It is contended that the total amount of this verdict is $442.81, which is apportioned in sums exceeding said total amount. When examined and interpreted in the light of the pleadings, evidence and charge of the court, we think the intention of the jury is clear and that the verdict is not indefinite and uncertain. Plaintiffs alleged and sought to recover an overcharge of freight demanded by and paid to the defendant, the Ft. Worth & Denver City Railway Company. This overcharge added to the amount of freight paid to the defendant, the St. Louis, San Francisco & Texas Railway Company at Gunter, ran the total amount of freight, charged and collected, up to $181.72. The undisputed evidence showed that plaintiffs should have paid only the sum of forty-three cents per hundred weight, and the court instructed the jury to that effect, and told them to determine from the evidence the weight of the entire threshing outfit and then determine at the rate of forty-three cents per hundred weight the total amount that plaintiffs should have been charged for said shipment, and that if this amount was less than the said sum of $181.72, to find for plaintiffs the difference between these two amounts

and assess it against the Ft. Worth & Denver City Railway Company. The jury, under these instructions, as shown by the verdict, found and assessed against said company $57.08 as overcharge of freight, which was not included in the $442.81 mentioned in their verdict, and said $57.08 constitutes the excess claimed and brings about the apparent indefiniteness of the amount of the verdict. It will be seen that the sum of $110.70 assessed against the St. Louis, San Francisco & Texas Railway Company, added to the sum of $332.11 assessed against the Ft. Worth & Denver City Railway Company, as stated in the verdict, in addition to the said $57.08, makes the exact amount of $442.81. So that it seems very clear that the jury intended to and did find in the sum of $442.81 as damages for the delay in the shipment and apportioned the sum of $110.70 thereof against the St. Louis, San Francisco & Texas Railway Company and $332.11 thereof against the defendant, Ft. Worth & Denver City Railway Company, as the relative amounts of such damages caused plaintiffs by them respectively for the delay; and having found an excess in the freight charges, they were of opinion the amount so found should not be included in the sum awarded for delay.

The plaintiffs were permitted to prove that a few days after the arrival of their threshing outfit at Vernon, and they had begun threshing grain, it commenced to rain, and that the weather continued generally rainy and bad, so that but little threshing could be done after they had actually gotten the thresher to running. This testimony was objected to on the grounds that it was irrelevant and immaterial, "that the time lost by plaintiffs would be up until the thresher got there (at Vernon), and that the evidence called for was not a proper matter for damages." The objections were overruled and this action of the court is assigned as error. The evidence showed that the weather was good during the delay in the transportation of the threshing outfit, and that but for such delay a large amount of grain during that time would have been threshed by plaintiffs and certain profits made, which they were afterwards prevented from threshing by reason of the continuous rainfall, and such profits lost. The testimony was, therefore, in our opinion, admissible upon the issue of the extent of the damage suffered by plaintiffs on account of the negligent delay in the transportation of their property.

We have examined all of the assignments of error presented by the St. Louis, San Francisco & Texas Railway Company, and find no reversible error pointed out by any of them. The appellant, Ft. Worth & Denver City Railway Company, not having filed any brief, it is sufficient to say with respect to that company that we find no such fundamental error apparent of record as would warrant this court in reversing the judgment rendered against it. Upon the whole, we think the evidence amply sustains the verdict and judgment rendered against both of the appellants; that the issues of the case were fairly submitted by the trial court, and that the judgment of that court should in all things be affirmed. It is therefore accordingly so ordered.

*Affirmed.*

Writt of error refused.